IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:22-cv-00006-O-BP |
| | § | |
| WICHITA FALLS PLUMBING, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion for Permanent Injunction filed by the United States of America ("Government") on April 12, 2022. ECF No. 10. Under Federal Rule of Civil Procedure 55(b), the Government moves this Court for a permanent injunction by default against Defendants, Wichita Falls Plumbing, Inc. d/b/a JS Plumbing ("WF Plumbing") and Christy Skipworth Lowery ("Lowery"). United States District Judge Reed O'Connor referred the Motion and related briefing to the undersigned pursuant to 28 U.S.C. § 636. ECF No. 11. Having considered the Motion and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion (ECF No. 10) and **ENTER DEFAULT JUDGMENT** on the Government's claims against WF Plumbing and Lowery.

**I.     BACKGROUND**

WF Plumbing is a corporation organized under Texas law. The corporation filed an Assumed Name Certificate for JS Plumbing, Inc. with the Texas Secretary of State on February 28, 2011. ECF No. 10. WF Plumbing is located in Wichita Falls, Texas. ECF No. 1. Lowery is the President and a Director of WF Plumbing. *Id*.

As an employer, WF Plumbing is subject to federal employment tax obligations imposed by the Internal Revenue Code ("IRC"). *Id*. However, beginning on June 30, 2013, the company failed to comply with its federal employment and unemployment tax obligations. *Id*. Specifically, it has failed to satisfy its Form 941 tax obligation for the tax periods ending June 30, 2013 through March 31, 2021. *Id*. During the same time period, it also accrued an average of $14,454 of unpaid trust fund taxes per quarter. *Id*. Additionally, Defendants have engaged in an activity known as "pyramiding," in which a business withholds taxes from its employees' wages but does not remit those taxes to the Internal Revenue Service ("IRS") as required by law. *Id*. This history of non-compliance with its tax obligations has led WF Plumbing to significant tax liabilities, totaling over $745,000 as of May 28, 2021. *Id*.

Since August 2014, the IRS has attempted to bring WF Plumbing into compliance with its federal employment tax obligations. *Id*. The IRS has spoken with Lowery (or her attorney in fact) to review WF Plumbing's various tax obligations. *Id*. The IRS also placed a levy on WF Plumbing's bank accounts and accounts receivable, recorded thirty-four Notices of Federal Tax Liens against WF Plumbing between July 2019 and March 2021, and warned Lowery that it may pursue a civil suit against WF Plumbing if the corporation did not fulfill its tax obligations. *Id.* The IRS also assessed trust penalties under 26 U.S.C. § 6672 against Lowery for several quarterly periods, which made her personally liable for a portion of WF Plumbing's unpaid employment taxes withheld from its employees. *Id.* Finally, the IRS issued a Pre-Levy Notice Letter and a Collection Due Process notice to WF Plumbing, but the company did not appeal these decisions. *Id.* Despite the IRS's efforts, WF Plumbing and Lowery still have not complied with current employment tax obligations and continues to incur additional liabilities. *Id*.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There are three stages to entry of default judgment. First, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co.* v. *Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* Fed. R. Civ. P. 55(a) (noting default occurs where the defendant "has failed to plead or otherwise defend" against the complaint). Second, the Clerk may then enter a defendant's default if it is "established by affidavit or otherwise." *Brown*, 84 F.3d at 141 (citing Fed. R. Civ. P. 55(a)). Third, if the Clerk enters default, the plaintiff must apply for a default judgment from the Court. Fed. R. Civ. P. 55(b)(2). The Court may not enter default judgment against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 521.

However, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis* v. *Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Rather, courts retain ultimate discretion to grant or deny default judgments. *Lindsey* v. *Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments," although this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process . . . within the domain of the trial judge's discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers* v. *Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). Default judgment remains "a drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala* v. *Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); see also *U.S. for Use of M-Co Constr., Inc.* v. *Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987 (calling default judgments "draconian").

Courts use a three-pronged analysis to determine if default judgment is appropriate. *J & J Sports Prods., Inc.* v. *Morelia Mex. Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). First, courts ask if default judgment is procedurally warranted. *See Lindsey*, 161 F.3d at 893. Second, courts analyze the substantive merits of the plaintiff's claims and determine if the pleadings establish a sufficient basis for default judgment. *Nishimatsu Constr. Co.* v. *Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Third, courts determine what form of relief, if any, the plaintiff should receive. *Morelia*, 126 F. Supp. 3d at 813.

### III.   ANALYSIS

The Clerk entered Defendants' default (ECF No. 8), and the Court now must ask if default judgment is appropriate. *Lewis*, 236 F.3d at 767. To do so, the undersigned applies the three-pronged inquiry. *See Morelia*, 126 F. Supp. 3d at 813.

#### A.   Default judgment is procedurally appropriate under *Lindsey*.

Default judgment for the Government is procedurally warranted. Under *Lindsey*, courts look to six factors to determine whether a default judgment is procedurally warranted. *See Lindsey* 161 F.3d at 893. The Court will consider whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) default judgment would be too harsh; and (6) the court would be obliged to set aside the default upon motion from the defendant. *Id.* All six of the *Lindsey* factors support default judgment for the Government.

No material issues of fact remain concerning WF Plumbing's failure to meet its employment tax obligations. Defendants have not filed any responsive pleadings, no material facts are in dispute, and the Court may take the Government's pleadings as true. *See Id.*; *Nishamatsu,*

515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). The first *Lindsey* prong favors default judgment.

Similarly, nothing in the record suggests any "substantial prejudice" towards WF Plumbing or Lowery that would undermine the Government's entitlement to default judgment. *See Lindsey*, 161 F.3d at 893. WF Plumbing and Lowery were properly served with the Complaint and given ample time and opportunity to respond in this matter. *See* ECF Nos. 5,6. Therefore, *Lindsey's* second prong also favors default judgment.

The grounds for default in this case were clearly established and nothing in this record indicates the default is due to a "good faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. Process was properly served and executed upon both WF Plumbing and Lowery on March 14, 2022. ECF Nos. 5, 6. A copy of the Government's Request for the Clerk's Entry of Default was mailed to defendants on April 7, 2022. ECF No. 7. However, despite being afforded multiple opportunities and reasonable time to respond to the Government's lawsuit, both WF Plumbing and Lowery have failed to respond to the Government's Complaint or file any other pleadings explaining their unresponsiveness. Therefore, the third and fourth *Lindsey* prongs favor default.

Additionally, default judgment against WF Plumbing and Lowery would not be too harsh a remedy given their failure to respond to the Government's Complaint. *See Lindsey*, 161 F.3d at 893; *see also Joe Hand Promotions, Inc*. v. *Tacos Bar & Grill*, *LLC*, No. 3:16-cv-01889-M, 2017 F.3d at 893, at *2 (N.D. Tex. Jan. 26, 2017) ("Entering default judgment against [Defendants], who have taken no action to respond to this action, is not "harsh.") (quoting *Lindsey*, 161 F.3d at 893); *John Perez Graphics & Design*, *LLC* v. *Green Tree Inv*. *Grp*., No. 3-12-cv-4194-M, 2012 WL 1828671, at *3 (N.D. Tex. May 1, 2012) ("[Defendant] has had over five months to answer or otherwise respond to Plaintiff's complaint, mitigating the harshness of a default."). Default

judgment is proportionate to WF Plumbing's and Lowery's conduct. The fifth *Lindsey* prong favors default.

Finally, given the clear satisfaction of the first five factors, nothing indicates the Court would "be obliged to set aside the default upon motion from the defendant." *See Lindsey*, 161 F.3d at 893; *see also Moreno* v. *LG Elecs.*, 800 F.3d 692, 698 (5th Cir. 2015) (noting district courts are not obliged to set aside a default where "the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense."). Accordingly, the *Lindsey* analysis reflects default judgment is proper here.

### B. The pleadings establish a sufficient basis for default judgment.

If a default is procedurally warranted under *Lindsey*, courts will next analyze the substantive merits of the plaintiff's claims and ask if the pleadings establish a sufficient basis for default judgment. *Nishimatsu*, 515 F.2d at 1206. Pleadings are sufficient if they meet the requirements of Federal Rule of Civil Procedure Rule 8. *Wooten* v. *McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); *see* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

The Government's pleadings establish a sufficient basis to grant a default judgment against WF Plumbing and Lowery. WF Plumbing is subject to the federal employment tax obligations imposed by the IRC. The Government has alleged numerous violations by WF Plumbing of the IRC by WF Plumbing, including violations of 26 U.S.C §§ 3102, 3402, 3111(a), 3111(b), 3403, 6302, 3301, and 6011. ECF No. 1 at 2-3. It also alleges violations of 26 C.F.R. §§ 31.6302-14, 31.6302(c)-3, 31.607(a)-1, 31.6011(a)-3. *Id.*

These sections require employers to do several things. First, they must withhold federal income taxes and the employees' portion of Federal Insurance Contribution Act taxes and

Medicare taxes from the wages of employees. 26 U.S.C. §§ 3102, 3402. Next, the employers must remit these withholdings and their part of the FICA and Medicare taxes to the IRS. *Id.*, §§ 3111(a), 3111(b), and 3403. Then they must make periodic deposits of employment taxes in an appropriate federal depository bank under appropriate regulations. *Id.*, § 6302; 26 C.F.R. §§ 31.6302-14, 31.6302(c)-3. On a quarterly basis, they must report their employment taxes, file a Form 941, and pay any unpaid balance not deposited. 26 U.S.C. § 6011; 26 C.F.R. § 31.6071(a)-1. They must pay to the IRS their unemployment taxes under the Federal Unemployment Tax Act. 26 U.S.C. § 3301. Finally, they must report unemployment taxes to the IRS and file a Form 940 annually. 26 U.S.C. § 6011; 26 C.F.R. § 31.6011(a)-3.

To establish these violations, the Government has alleged that since June 30, 2013, WF Plumbing withheld taxes from its employees' wages without remitting those taxes to the IRS as mandated by law. ECF No. 1. Additionally, the Government asserts that WF Plumbing has accrued an average of $14,454 of unpaid trust fund taxes per quarter and has consistently failed to satisfy its quarterly Form 941 employment tax obligations, except for a few occasions. *Id*. Moreover, since 2014, the IRS has also attempted to bring WF Plumbing into compliance with its federal employment tax obligations, yet the company has refused to comply. *Id*. By showing WF Plumbing's violations, the Government's pleadings contain a sufficient basis for default judgment.

      **C.**    **The Court should enter the default judgment in favor of the Government and grant the permanent injunction.**

After determining that a default judgment is both procedurally valid and substantively well-founded, courts determine what form of relief, if any, the plaintiff should receive. *Morelia*, 126 F. Supp. 3d at 813. In making this determination, the Complaint's "well-pleaded factual allegations are taken as true, except regarding damages." *Shipco*, 814 F.2d at 1014; *see generally Jackson* v. *FIE Corp.*, 302 F.3d 515, 525 & n.29 (5th Cir. 2002) ("If the court determines that defendant is in

7

default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY K. KANE, FEDERAL PRACTICE & PROCEDURE § 2688 at 58-59 & n.5 (3d ed. 1998)).

The Government requests a permanent injunction against WF Plumbing and Lowery. ECF Nos. 1, 10. Under 26 U.S.C. §7402(a), the Court has the power to grant a permanent injunction "as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). A permanent injunction is the appropriate remedy to address the Defendants' repeated violations of employment tax obligations. The pleadings establish that WF Plumbing has continually and repeatedly withheld tax payments from its employees and failed to remit those withheld payments to the IRS. ECF Nos. 1, 10. WF Plumbing has not complied with its payroll tax obligations since 2013 and, except for a few tax periods, has failed to satisfy its Form 941 employment tax obligations for tax periods since June 30, 2013. *Id.* Between June 30, 2013 and March 31, 2021, WF Plumbing has accrued an average of $14,454 of unpaid trust fund taxes per quarter and owes more than $740,000 in unpaid employment taxes. *Id*. These violations have continued for almost nine years, even though the IRS repeatedly contacted Lowery to attempt to solve the problem. Because of these repeated violations, the undersigned finds that Defendants engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate pursuant to 26 U.S.C. § 7402(a) to prevent recurrence of such conduct.

Accordingly, as requested by the Government, the Court should permanently enjoin WF Plumbing and Lowery to comply with their employment and unemployment tax obligations by prohibiting them from failing to withhold and pay over to the IRS all the employment taxes of their employees (including, federal income, FUTA, and FICA taxes) as required by law and by

enjoining them to deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with federal deposit regulations.

## IV.   CONCLUSION

WF Plumbing and Lowery have engaged and are engaging in conduct that interferes with the enforcement of the internal revenue laws. Injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is necessary and appropriate to prevent WF Plumbing and Lowery from interfering with the enforcement of the internal revenue laws. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Government's Motion and **ENTER DEFAULT JUDGMENT** in favor of the United States against Defendants Wichita Falls Plumbing, Inc. d/b/a JS Plumbing and Christy Skipworth Lowery in the form of the proposed Permanent Injunction attached.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided be law. Any party who objects to any part of these finding, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C § 636(b)(1); Fed R. Civ, 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglas* v. *United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on September 15, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> WICHITA FALLS PLUMBING, *et al.*, § <br> § <br> Defendants. § | Civil Action No. 7:22-cv-00006-O |

## PERMANENT INJUNCTION

Before the Court is the Motion for Permanent Injunction filed by the United States of America ("Government") on April 12, 2022 against Defendants, Wichita Falls Plumbing, Inc. d/b/a JS Plumbing ("WF Plumbing") and Christy Skipworth Lowery ("Lowery") (collectively "Defendants"). ECF No. 10. Although properly served with process, Defendants have failed to appear and wholly made default.  The Clerk entered default against Defendants on April 7, 2022. ECF No. 8.

After reviewing the pleadings and applicable legal authorities, the Court **FINDS**:

A. WF Plumbing and Lowery have engaged and are engaging in conduct that interferes with the enforcement of the internal revenue laws.

B. Injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is necessary and appropriate to prevent WF Plumbing and Lowery from interfering with the enforcement of the internal revenue laws.

Accordingly, the Court **GRANTS** the Government's Motion for Permanent Injunction (ECF No. 10), and it is **ORDERED** that:

1. WF Plumbing and Lowery shall withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of FICA and Medicare taxes;

2. WF Plumbing and Lowery shall timely deposit withheld employee taxes and employer FICA and Medicare taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

3. WF Plumbing and Lowery shall timely deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with federal deposit regulations;

4. Lowery shall sign and deliver to either Internal Revenue Service ("IRS") revenue officer V.C. Sandals (5450 Stratum Drive, Ste. 150, Fort Worth, Texas 76137; 817-232-6316), or to such specific location as the IRS may deem appropriate, on the first day of each month, an Affidavit stating that the required federal income taxes, FICA and Medicare taxes, and FUTA taxes were fully and timely deposited for each pay period during the prior month;

5. WF Plumbing and Lowery shall timely file Form 941 Employment Tax Returns and Form 940 Unemployment Tax Returns that come due after the date of the injunction and Lowery shall provide a copy of each filed return to V.C. Sandals or any other designated IRS officer in such manner as the IRS deems appropriate, within five days of filing;

6. WF Plumbing and Lowery shall timely pay all the required outstanding liabilities due on each return required to be filed under this Permanent Injunction;

7. WF PLUMBING is enjoined from paying other creditors of WF Plumbing or from transferring, disbursing, or assigning any money, property, or assets of WF

       Plumbing after the date of this Permanent Injunction until after such time as the required deposits described in paragraphs 1 and 2, and any liabilities described in paragraph 6, have been paid in full, for any tax period ending after the date of this Permanent Injunction;

8. WF Plumbing and Lowery are enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of WF Plumbing's employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

9. WF Plumbing and Lowery shall permit a representative from the IRS to inspect WF Plumbing's books and records periodically, with two business days' notice of each inspection; and

10. For the five-year period beginning on the date this Permanent Injunction is entered, Lowery shall notify, in writing, IRS revenue officer V.C. Sandals or any other revenue officer as the IRS designates, if Lowery comes to form, incorporate, own, or work in a managerial capacity for another business entity, within five business days of such event. Regardless of such notification, the preceding paragraphs shall apply to any employer entity controlled by Lowery.

WF Plumbing and Lowery shall deliver to all their current employees a copy of this Permanent Injunction, within thirty (30) days of the date of the Permanent Injunction.

This Court shall retain jurisdiction over this case to ensure compliance with this Permanent Injunction, including, authorizing the United States to take post-judgment discovery to ensure compliance.

If WF Plumbing and Lowery violate any term of this Permanent Injunction, counsel for the United States shall send Defendants written notice of the violation, and WF Plumbing and Lowery shall have ten (10) days after notification is sent to cure the violation;

i. A "cure" for the violation includes making a late tax deposit and all accruals on such tax; paying delinquent tax shown on a return and all accruals on such tax; filing a delinquent tax return; and providing a delinquent notification to the designated IRS Revenue Officer.

ii. If counsel for the United States has sent Defendants three separate written notifications for three separate violations, counsel for the United States shall no longer be obligated to send written notification of a violation.

iii. If any violation is not cured within ten (10) days of notification or if, after the third notification followed by cures, the United States becomes aware of a new violation by WF Plumbing and Lowery, the United States shall be entitled to file with this Court a Motion for an Order to Show Cause why WF Plumbing and Lowery should not be held in contempt of this Permanent Injunction and why WF Plumbing and Lowery should not be ordered to cease doing business immediately.

The clerk shall transmit a true copy of this Permanent Injunction, the Final Judgment, and a true copy of the Order accepting the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, to the parties.

**SO ORDERED** on this ____ day of _____, 2022.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE